1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LORENZO GALINDO-VEGA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case Nos.:  16CV1405; 14CR0341

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**

18      On August 11, 2016, the Court denied Petitioner's motion to vacate, set aside, or
19 correct sentence brought pursuant to 28 U.S.C. § 2255 based upon finding that the United
20 States Sentencing Guidelines ("USSG") is not unconstitutionally vague in its definition of
21 "drug trafficking offense." (Doc. No. 36.)[1] On September 23, 2016, Petitioner filed the
22 instant motion for certificate of appealability, arguing that reasonable jurists could debate
23 whether his prior California controlled substance conviction qualifies as a predicate for
24 enhancement under USSG § 2L1.2. (Doc. No. 38 at 6, 7.) For the following reasons, the
25 Court **DENIES** Petitioner's motion.

26
27

28 [1] Docket references are to the docket in 14CR0341. All pinpoint cites refer to the automatically
generated CMECF page numbers and not the numbers listed on the original document.

1

1    When a district court enters a final order adverse to the applicant in a habeas

2    proceeding, it must either issue or deny a certificate of appealability. *See* 28 U.S.C. §

3    2253(c)(1)(A). A certificate of appealability is required to appeal a final order in a habeas

4    proceeding. *See id*. A certificate of appealability is appropriate only where the petitioner

5    makes a "substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2);

6    *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). Under this standard, the petitioner must

7    demonstrate that "reasonable jurists could debate whether… the petition should have been

8    resolved in a different manner or that the issues presented were 'adequate to deserve

9    encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 474 (2000).

10    The Court disagrees with Petitioner that reasonable jurists could find the USSG §

11    2L1.2 to be so vague as not to encompass California Health and Safety Code § 11351 as a

12    "drug trafficking offense." A drug trafficking offense is defined as "an offense under

13    federal, state, or local law that prohibits the manufacture, import, export, distribution, or

14    dispensing of, or offer to sell a controlled substance (or counterfeit substance) or the

15    possession of a controlled substance." USSG § 2L1.2. Under the California Health and

16    Safety Code § 11351 "every person who possesses for sale or purchases for purposes of

17    sale (1) any controlled substance… or (2) any controlled substance classified in Schedule

18    III, IV or V which is a narcotic drug shall be punished by imprisonment…"

19    Using a "modified categorical analysis" approach, the Ninth Circuit has clearly

20    established that heroin is a controlled substance under the Controlled Substance Act

21    ("CSA") and thus a heroin conviction qualifies as a "drug trafficking offense." *Gonzalez*

22    *v. U.S.*, Nos. SA CV 13-0418-DOC, SA CR 11-0259-DOC, 2014 WL 683865, at *4 (C.D.

23    Cal. Feb. 19, 2014); *U.S. v. Leal-Vega*, 680 F.3d 1160, 1167-68 (9th Cir. 2012); *U.S. v.*

24    *Avila-Rivera*, 359 Fed.Appx. 841, 844 (9th Cir. 2009).

25    Under the "modified categorical analysis" approach, the courts may not "look

26    beyond the record of conviction itself to the particular facts underlying the conviction."

27    *Fernandez-Ruiz v. Gonzalez*, 468 F.3d 1159, 1164 (9th Cir. 2006). A court's examination

28    is limited to documents such as the "charging document, the terms of a plea agreement or

1  transcript of colloquy between judge and defendant in which the factual basis for the plea

2  was confirmed by the defendant, or to some comparable judicial record of this

3  information." *Shepard v. United States*, 544 U.S. 13, 13 (2005). The Ninth Circuit also held

4  that it may consider documents of "equal reliability," including, but not limited to, a clerk's

5  minute order. *United States v. Snellenberg*, 548 F.3d 699, 701 (9th Cir. 2008).

6       The relevant documents in Petitioner's case confirm that Petitioner's prior

7  conviction for violation of California Health and Safety Code § 11351 was a "drug

8  trafficking offense" under USSG § 2L1.2. Petitioner was charged in the Superior Court of

9  Los Angeles with the crime of "possession for sale… in violation of Health and Safety

10 code Section 11351.5, a Felony…" (Doc. No. 21-3 at 3.) Moreover, the report also states

11 that petitioner did "unlawfully possess for sale and purchase for sale a controlled substance,

12 to wit, heroin." (*Id.* at 2.) We hold that Petitioner's charging documents, and reports read

13 together are sufficient under the modified categorical approach to establish that Petitioner

14 was in possession with the purpose of sale of heroin, a substance included in the CSA.

15 Thus, his prior conviction constitutes a "drug trafficking offense" under USSG § 2L1.2,

16 and a sixteen level enhancement should have been applied.[2]

### CONCLUSION

18      Based on the foregoing, the Court **DENIES** Petitioner's motion for a certificate of

19 appealability on the issue of whether California Health and Safety Code § 11351 is not

20 considered a "drug trafficking offense" under the United States Sentencing Guidelines

21 ("USSG") § 2L1.2.

22 **IT IS SO ORDERED**.

23 Dated:  October 3, 2016

24                                         Hon. Anthony J. Battaglia
25                                         United States District Judge

26

27

28 [2] The Court also notes that the Petitioner was sentenced on the lower end of the guidelines. (Doc. No. 36 at 3.)

16CV1405; 14CR0341